STATE OF HAWAII, Plaintiff-Appellee, *v.* ROMAN BASIL MAYO, Defendant-Appellant

NO. 7483

FEBRUARY 18, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam*. This is an appeal of a conviction for theft in the first degree. The sole question is whether the stolen goods had a value of more than $200.00 to support conviction under the statute.[1]

For the reasons stated herein, the conviction is affirmed.

Appellant was arrested and charged with the theft of certain personal property from an automobile rented to Mr. & Mrs. Taylor of Calgary, Alberta, Canada. Evidence of the value of the goods was based upon the testimony of Mrs. Taylor. The stolen items included a wristwatch, sunglasses, a purse, wallet, miscellaneous cosmetic, swim fins, a halter top, two Canadian passports, approximately twenty-five dollars in American and Canadian currency, and two airline tickets good for return trips to Calgary, Alberta, Canada, from Maui.

This appeal is concerned solely with the valuation to be given the airline tickets as that value alone is sufficient to bring the value of the stolen goods within the statutory requirements for theft in the first degree.

Appellant argues that there was insufficient evidence of the market value of the airline tickets; that the testimony of Mrs. Taylor that the cost of return passage was $459.00, based upon the price paid for the tickets, does not meet the statutory requirement that "value" means the market value of the property or services at the time and place of the offense. Hawaii Revised Statutes § 708-801(1).

We think it is unnecessary to address the technical arguments raised by the appellant and find the subject area ap-

---

[1] HRS § 708-831(1)(b) provides that:

    (1) A person commits the offense of theft in the first degree if he commits theft:

        (b) of property or services the value of which exceeds $200;

propriate for the exercise of judicial notice. A fact is a proper subject for judicial notice if it is common knowledge or is easily verifiable. *Almeida v. Correa,* 51 Haw. 594, 465 P.2d 564 (1970). Under this rule, an appellate court is not precluded from exercising its discretion to take judicial notice of certain facts where the trial court elected not to do so. *See Application of Pioneer Mill,* 53 Haw. 496, 497 P.2d 549 (1970). As we see it, the purpose of the judicial notice rule, and it would appear to be a wholesome one, is to eliminate the necessity of taking the time of the court and jury to make formal proof of a fact which cannot be disputed. *Van Welden v. Ramsey's, Inc.,* 199 Kan. 417, 430 P.2d 298 (1967).

Accordingly, we take judicial notice of the fact that the stolen tickets could readily be redeemed at the airline ticket office for their face value of $459.00. We think it is a fact of common knowledge that an unused airline ticket has a redemption value equal to the face value of the ticket when presented to the airline or travel agency that issued it. This is standard business practice. *Rogstad v. Rogstad,* 74 Wash.2d 736, 446 P.2d 340 (1968).

Having established the value of the stolen goods to be in excess of $200.00, the judgment is affirmed.

*Gary Robert* for defendant-appellant.

*John E. Tam,* deputy prosecuting attorney, for plaintiff-appellee.